**DLD-002**                                               **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2327
_____

ASIA JOHNSON; A.J.,
                                        Appellants

v.

CHILDREN YOUTH AND FAMILIES
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:18-cv-00444)
District Judge: Honorable Nora Barry Fischer

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or Possible
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 4, 2018

Before: JORDAN, GREENAWAY, JR., and NYGAARD, Circuit Judges

(Opinion filed: October 19, 2018)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se Appellant Asia Johnson appeals from the District Court's order dismissing her complaint. For the reasons detailed below, we will summarily affirm.

I.

In the District Court, Johnson sought to proceed in forma pauperis ("ifp") to file a complaint against the Allegheny County Office of Children Youth and Families ("CYF") on behalf of herself and her son. Johnson stated that the basis for jurisdiction in federal court was her "Indian status." Johnson's complaint, while difficult to decipher, appears based on a bed bug incident involving her son and her allegation that CYF purportedly kidnapped her son. Presumably, the allegations are in connection with parental rights proceedings in Family Court, although it is unclear if the state court proceedings are ongoing. As relief, Johnson requested the return of her son and an award of an unspecified amount of damages.

The District Court denied Johnson's ifp motion to the extent that she sought to bring claims on her son's behalf. The District Court granted Johnson ifp status as to her own claims, and dismissed the complaint sua sponte for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure and for failure to state a claim pursuant to 28 U.S.C. § 1915(e).[1] Johnson appeals ifp.[2]

---

[1] At one point in its decision, the District Court stated that it dismissed all of Johnson's claims for lack of subject matter jurisdiction. However, in addition to noting that it was also dismissing for failure to state a claim, the District Court considered whether, Johnson's claims, if they were liberally construed to invoke a basis for federal jurisdiction, could state a claim.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[3] Our review of a dismissal under Rule 12(h)(3), which requires dismissal if the court determines that it lacks subject matter jurisdiction, is plenary. See SEC v. Infinity Grp. Co., 212 F.3d 180, n.6 (3d Cir. 2000). Our review of a sua sponte dismissal pursuant to § 1915(e) also is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

III.

The District Court did not err in dismissing Johnson's complaint. To the extent that District Court dismissed Johnson's complaint for lack of subject matter jurisdiction, the District Court was correct in its conclusion. Despite Johnson's assertion that there was federal jurisdiction based on her "Indian status," the District Court properly concluded that a party's ethnicity is not a basis for subject matter jurisdiction. See 28 U.S.C. § 1331. Furthermore, as the District Court ruled, there was no basis for diversity jurisdiction because both parties are citizens of Pennsylvania. See 28 U.S.C. § 1332(a);

---

[2] This appeal proceeds only as to Johnson's claims; she may not assert claims on behalf of her son. See Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991) (holding that a parent and guardian could not litigate pro se on behalf of his children).

[3] Johnson takes a timely appeal. See Fed. R. Civ. P. 58(a); Fed. R. App. P. 4(a)(1)(A); see also LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 223-24 (3d Cir. 2007). Also, the challenged order, although denominated a dismissal without prejudice, was a final order because Johnson could not cure the identified deficiencies without affecting her cause of action. See Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam); see also NJ Physicians, Inc. v. President of U.S., 653 F.3d 234, 241 n.8 (3d Cir. 2011) (explaining that dismissals for lack of jurisdiction are "by definition without prejudice").

3

Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 345-46 (3d Cir. 2013) (explaining that § 1332 requires complete diversity, which means that no plaintiff can be a citizen of the same state as any of the defendants) (citation and quotation marks omitted). Moreover, to the extent Johnson sought to challenge a state-court judgment, that is precisely the type of case that a federal court lacks subject matter jurisdiction to consider pursuant to the Rooker-Feldman[4] doctrine. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (explaining that federal courts are precluded from exercising jurisdiction over a case brought by state-court losers challenging the state-court judgments rendered before the District Court proceedings commenced).

To the extent Johnson's complaint, liberally construed, was an attempt to bring forth a federal claim pursuant to 42 U.S.C. § 1983, the District Court was correct in its conclusion that Johnson failed to allege that the deprivation of her constitutional rights resulted from any official policy or custom of CYF. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); see also Mulholland v. Gov't Cty. of Berks, Pa., 706 F.3d 227, 239 (3d Cir. 2013) (holding that even if a county agency's child abuse investigation was inadequate, the parents' § 1983 claim failed where there was no evidence that the agency "employ[ed] a policy or ha[d] a custom of conducting desultory investigations")).

Additionally, to the extent that Johnson sought relief from federal court regarding claims that were pending in state court, the District Court did not err in deciding to

---

[4] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Ct. of App. v. Feldman, 460 U.S. 462 (1983).

abstain pursuant to <u>Younger v. Harris</u>, 437 U.S. 37 (1971).  <u>See</u> <u>Acra Turf Club, Ltd.</u>

<u>Liab. Co. v. Zanzuccki</u>, 748 F.3d 127, 133 (3d Cir. 2014) (noting that if a state's law does

not present any procedural barriers to the presentation of the parents' constitutional

claims in proceedings to remove children from their home, abstention is warranted (citing

<u>Moore v. Sims</u>, 442 U.S. 415, 432 (1979))).

Accordingly, for the reasons given, we will summarily affirm the judgment of the

District Court.